Marshall v. Marshall.

5-1224                                    300 S. W. 2d 933

Opinion delivered March 25, 1957.

[Rehearing denied May 6, 1957]

*Cole & Epperson; James C. Cole,* on reply brief, for appellant.

*Henry B. Means,* for appellee.

J. Seaborn Holt, Associate Justice. The parties to this suit were the children of Mr. and Mrs. H. H. Marshall, Sr., now deceased. Mr. Marshall died in 1934 and Mrs. Marshall in 1951. Following Mr. Marshall's death, Mrs. Marshall was administratrix of his estate until her death. Appellants, Lambert Marshall and Anna Boyd Marshall (Lindvall) and appellee, Hubert Marshall, are the surviving children. Over a period of time up to August 26, 1940, Hubert Marshall became indebted to the Marshall Estate in the amount of $11,742.98, and to Mrs. Marshall, his mother, personally in the amount of $1,530. On August 26, 1940, he and his then wife, Helen Marshall, executed their note in favor of Mrs. Marshall as administratrix for $11,742.98, and on August 27, 1940, their note for $1,530 to Mrs. H. H. Marshall, personally, and at the same time they executed mortgages to secure these notes. These mortgages conveyed all the interest of Hubert Marshall (appellee) in his father's estate, both real and personal, particularly describing same therein. Mrs. Marshall had both mortgages recorded, the former on August 27, 1940 and the latter September 6, 1940.

Thereafter, on December 13, 1940, discord having arisen between her and her husband, Helen Marshall

filed two suits in the Hot Spring Chancery Court, one being a divorce suit against Hubert, and the other an action naming as defendants Hubert, Mrs. H. H. Marshall personally and also as administratrix of the estate, in which latter action she sought to set aside the two mortgages above on the grounds that their execution by her was procured through fraud, and she further sought to have Hubert's one-third interest in his father's estate subjected to her claim of dower, for child support, and alimony. Hubert did not appear or plead in either of these actions. It appears that a compromise settlement of these two suits was had which resulted in Mrs. H. H. Marshall paying to Helen a certain sum in cash (amount not shown in the record) and Hubert and Helen executing a warranty deed dated January 21, 1941 which recited:

"Warranty Deed-Know all Men by these presents: That we, H. H. Marshall, Jr., and Helen Marshall, his wife, for and in consideration of the sum of One Dollar and the further consideration of the cancellation of two promissory notes and mortgages in the separate sums of $11,742.98 and $1,530, which mortgages are of record in Book 27, pages 278, and Book 27, page 283, of the Mortgage Records of Hot Spring County, Arkansas, respectively, and the further cancellation of any other indebtedness we or either of us may owe to the grantee herein, to us cash in hand paid, the receipt of which is hereby acknowledged, do hereby grant, bargain, sell and convey unto Mrs. H. H. Marshall, Sr., as administratrix of the estate of H. H. Marshall, Sr., deceased, and unto Lambert Marshall and Anna Boyd Marshall, as heirs of the said H. H. Marshall, Sr., deceased, and unto their heirs and assigns forever, the following real estate and personal property in the County of Hot Spring and State of Arkansas, to-wit: . . . 1 (describing it); also all stocks and bonds and other assets belonging to the said estate including stock fixtures, accounts receivable and equipment belonging to the Marshall Motor Service; and also one 1940 model Ford V-8 truck 1-1/2 ton; the real estate herein mentioned being more

minutely described as follows, to-wit: . . . (describing it)

"To have and to hold the same unto the said Mrs. H. H. Marshall, Sr., as administratrix, and Lambert Marshall and Anna Boyd Marshall, and unto their heirs and assigns forever, with all appurtenances thereunto belonging. And we hereby covenant with the said Mrs. H. H. Marshall, Sr., as administratrix, and Lambert Marshall and Anna Boyd Marshall, that we will forever warrant and defend the title to said lands, against all claims whatever. And I, Helen Marshall, wife of the said H. H. Marshall, Jr., for and in consideration of the said sum of money, do hereby release and relinquish unto the said Mrs. H. H. Marshall, Sr., as administratrix and Lambert Marshall and Anna Boyd Marshall, all my right of dower and homestead in and to the said lands and personal property. Witness our hands and seals on this 20th day of January, 1941.

"H. H. Marshall, Jr.
"Helen Marshall

"Acknowledgment State of Arkansas—County of Hot Spring—Be it Remembered, That on this day came before me, the undersigned, a Notary Public within and for the county aforesaid, duly commissioned and acting H. H. Marshall, Jr., to me well known as the grantor in the foregoing deed, and stated that he had executed the same for the consideration and purposes therein mentioned and set forth." . . . and appeared "Helen Marshall, wife of the said H. H. Marshall, Jr., grantor in the foregoing deed, to me well known, and in the absence of her said husband declared that she had of her own free will, executed said deed and signed and sealed the relinquishment of dower and homestead in the said deed for the consideration and purposes therein contained and set forth, without compulsion or undue influence of her said husband." This deed was duly recorded February 27, 1941 by Mrs. Marshall in Deed Record Book 65, p. 461, Hot Spring County.

Helen was granted a divorce March 13, 1941. Lambert Marshall and Anna Lambert, appellants, brought

the present suit in 1956 seeking a declaratory judgment construing the above deed and for a partition of all real estate in which the parties were tenants in common. Hubert (appellee) answered and filed a cross complaint in which he sought to have the deed reformed and declared to be a mortgage, or a resulting trust declared in his favor. The trial court decreed that no trust relationship was established but that the deed was, in fact, as appellee claimed, a mortgage, declared the interest of the parties to be one-third each in all the real estate and ordered partition, subject to Hubert's original indebtedness to the estate. This appeal followed.

The primary and decisive question presented is, as appellee says, "what construction is to be placed on the deed above, whether it was intended to be a deed or mortgage." The trial court upheld appellee's contention that the deed was, in fact, intended to be a mortgage and so declared it. After reviewing the evidence presented, we have concluded that the court erred in so holding.

The appellee (Hubert) under our well established rules assumed a very heavy burden of proof in seeking to have the deed here, regular on its face, declared a mortgage. "For a deed to be treated as a mortgage, evidence that the instrument was intended to secure a debt must be clear, unequivocal and convincing." *Kerby* v. *Feild*, 183 Ark. 714, 38 S. W. 2d 308. "The law presumes that a deed absolute on its face is what it appears to be, and the burden is on the one claiming it to be a mortgage to overcome this presumption by clear, unequivocal and convincing evidence." *DeLoney* v. *Dillard*, 183 Ark. 1053, 40 S. W. 2d 772. Also see *Newport* v. *Chandler*, 206 Ark. 974, 178 S. W. 2d 240. "If there is a debt subsisting between the parties, and it is the intention to continue the debt, it is a mortgage; but if the conveyance extinguishes the debt, and the parties intend that result . . ." (*Hays* v. *Emerson*, 75 Ark. 551, 87 S. W. 1027) the character of the deed is an absolute conveyance. "In determining whether a deed absolute on its face is such, or is to be considered as a mortgage only, the question for the court's determination is what was the intention of the parties at the time."

*Hudgens* v. *Taylor*, 206 Ark. 507, 176 S. W. 2d 244. "The cancellation of a mortgage and satisfaction of a debt which it secured is sufficient consideration for a deed by the mortgagor to the mortgagee." *Clark* v. *Friend*, 174 Ark. 26, 295 S. W. 392. "Another rule of construction is that the deed should be most strongly construed against the grantor." *Lawless* v. *Caddo River Lumber Co.*, 145 Ark. 132, 223 S. W. 395. "Evidence to prove that an instrument absolute on its face was intended by the parties as a mortgage is generally received by the courts with caution . . ." 36 Am. Jur. p. 755, § 134.

Much evidence was presented by the parties tending to establish their respective contentions. We deem it unnecessary to attempt to detail it more than to show that appellee by his own acts is precluded from claiming that the deed was intended to be and, in fact, was a mortgage, and that such acts were sufficient to turn the scales against him. No principle of equity is better established than that: "He who comes into equity must come with clean hands. The clean hands maxim bars relief to those guilty of improper conduct in the matter as to which they seek relief. It is invoked to protect the integrity of the court." 30 C. J. S. 475 § 93. At the time Hubert and his wife Helen executed the deed here in question, Hubert owed many other creditors who were pressing him. By executing the deed he settled his indebtedness to the Marshall Estate and received full value for his interest therein, and his wife, who joined him in the deed, released all her dower rights to Hubert's (her husband's) interest in the estate. In fact, the only way Helen could release her dower interest in her husband's property was by a valid deed, § 50-416, Ark. Stats. 1947.

Hubert testified that the instrument was in so far as his creditors were concerned a valid deed. He testified: "Q. If this was a mortgage and your interest was in excess of that then your creditors could come in for the excess? A. No, because there was a deed. Q. That was your understanding? A. So far as they were concerned it was a true and valid deed. Q. You took the execution of the deed as being a valid and true

deed as against your creditors. A. For the time being I was needing enough to pay my creditors. I did hold at the time that this was the correct thing to do. Q. As between you and your creditors you called it a deed? A. I did at the time to my creditors.''

In effect, he says that the instrument was a valid deed in so far as it affected his wife and creditors but as to him it was only a mortgage. Obviously, he was agreeable to perpetrating a fraud on both his wife and outside creditors. The instrument could not be part deed and part mortgage, it was either one or the other.

Having concluded, as indicated, that the instrument in question was, in fact, in the circumstances a valid deed and not a mortgage, and that the ''clean hands doctrine'' precludes appellee from claiming otherwise, the decree is reversed and the cause remanded for further proceedings consistent with this opinion.