Danny Harold REID *v.* Theresia Neely REID

CA 96-790                                                      944 S.W.2d 559

Court of Appeals of Arkansas
Division IV
Opinion delivered May 21, 1997

*Roland E. Darrow, II*, for appellant.

*Sharon M. Fortenberry*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from an order denying appellant's request for his child-support obligation to be suspended during his incarceration in prison. Appellant argues on appeal that the chancellor abused his discretion by refusing to abate the payment of support because his imprisonment rendered him incapable of producing income with which to meet his obligation. We find no abuse of discretion and affirm.

When the parties divorced in July of 1995, custody of their two children, ages sixteen and four, was placed with appellee, Theresia Neely Reid. Appellant, Danny Harold Reid, was ordered to make biweekly payments of $200 in child support. On December 4, 1995, appellant was convicted of raping the parties' sixteen-year-old daughter, and he was sentenced to a term of twenty years in prison. On February 5, 1996, appellant filed a motion seeking abatement of his child-support obligation, urging his conviction and resulting imprisonment as the sole change in circumstances.

Appellee was the only witness at the hearing. She testified that appellant was a few hours shy of obtaining a bachelor's degree in engineering and that he was earning $42,000 a year at the time

of the divorce. She agreed to a reduction in child support to the minimum family chart amount of $30 a week, but she stated her belief that appellant should not benefit by being relieved of his duty of paying support as a reward for raping their daughter.

After a brief recess, the chancellor issued his ruling denying appellant's motion to suspend the payment of child support. The chancellor found that the children's needs had not diminished and that the position in which appellant found himself was one of his own creation. He thus found no change in circumstances warranting abatement of the obligation. The chancellor further concluded that appellant should not be allowed to profit from a wrongful act committed against a child for whom he was obliged to pay support. The chancellor also reasoned that the continuation of the support obligation would not place an undue burden on appellant, given his level of education and earning potential. An order was entered incorporating the chancellor's findings and reducing appellant's child-support payments to $30 a week. This appeal followed.

■ Ordinarily, the amount of child support lies within the sound discretion of the chancellor. *Irvin v. Irvin*, 47 Ark. App. 48, 883 S.W.2d 862 (1994). A chancellor's finding as to child support will not be disturbed on appeal unless it is shown that the chancellor abused his discretion. *Borden v. Borden*, 20 Ark. App. 52, 724 S.W.2d 181 (1987). A change in circumstances must be shown before a court can modify an order regarding child support, and the party seeking modification has the burden of showing a change in circumstances. *Hunt v. Hunt*, 40 Ark. App. 166, 842 S.W.2d 470 (1992). In making this decision, the chancellor must consider the needs of one party as compared to the ability of the other to pay. *Irvin v. Irvin, supra.*

■ Appellant argues on appeal that the chancellor abused his discretion by refusing to abate his child-support obligation during the period of his incarceration. We are not convinced that the record in this case demonstrates such an abuse. The principle at the core of the chancellor's ruling was that appellant was not entitled to relief because he had come into court with unclean hands. It has long been recognized that the clean-hands maxim bars relief

to those guilty of improper conduct in the matter as to which they seek relief. Equity will not intervene on behalf of a party whose conduct in connection with the same matter has been unconscientious or unjust. *Wilson v. Brown*, 320 Ark. 240, 897 S.W.2d 546 (1995); *Marshall v. Marshall*, 227 Ark. 582, 300 S.W.2d 933 (1957). It is said that the purpose of invoking the clean hands doctrine is to protect the interest of the public on grounds of public policy and to preserve the integrity of the court. *Grable v. Grable*, 307 Ark. 410, 821 S.W.2d 16 (1991). It is within the chancellor's discretion to determine whether the interests of equity and justice require application of the doctrine. *Id.*

Although there is another school of thought, *see e.g. Edmonds v. Edmonds*, 633 P.2d 4 (Ore. Ct. App. 1981), we are of the same mind as was the court in *Ohler v. Ohler*, 369 N.W.2d 615 (Neb. 1985). In that case, the payor spouse sought to suspend his child-support obligation because he had been sentenced to prison for fifteen years. In affirming the trial court's decision denying the petition, the court based its decision on the maxim of unclean hands and ruled that, under the circumstances, equity would not grant relief. The court further stated:

> Incarceration is certainly a foreseeable result of criminal activity; we find no sound reason to relieve one of a child support obligation by virtue of the fact that he or she engaged in criminal conduct. There is no reason those who have had to step in and assume the applicant's obligation should not be reimbursed by the applicant should his future position enable him to do so.
>
> Further, we do not see how the best interests of the children for whom the support was ordered would be served by temporarily terminating the appellant's child support obligation.

*Id.* at 618. The court also predicated its holding in part on a decision where it was recognized that, although unemployment or diminution of earnings is a common ground for modification, a petition for modification will be denied if the change in financial condition is due to the fault, voluntary wastage, or dissipation of one's talents or assets. The court then reasoned that a child-support obligation should not be modified where the means with which to pay were reduced or eliminated by criminal activity.

■ In this respect, the opinion in *Ohler* is consistent with Arkansas law. In *Grady v. Grady*, 295 Ark. 94, 747 S.W.2d 77 (1988), it was held that a court may consider the fact that a supporting spouse has voluntarily changed his or her employment so as to lessen earning capacity and, in turn, the ability to pay child support. The court ruled that a supporting spouse does not have total discretion in making financial decisions which affect the welfare of the family, if the minor children have to suffer at the expense of those decisions.

■ We uphold the decision of the chancellor in this case on the ground of unclean hands. The misconduct which resulted in appellant's imprisonment was perpetrated against a child for whom appellant owed a duty of support and thus bears a direct connection to the proceeding at hand. We agree that equity will not come to the aid of one who of his or her own volition engages in criminal behavior and suffers the consequences which affect the ability to pay child support. Moreover, the needs of the children have remained unchanged, and, as between appellant and his children, the interest of the children must prevail. We can think of no reason how their best interests are served by depriving them of support or why appellee should be left to shoulder the burden alone when there remains the possibility that the appellant can make recompense in the future.

■ ■ We also cannot disagree with the chancellor's conclusion that appellant failed to meet his burden of showing a change in circumstances to justify abatement of the obligation. A chancellor's finding as to whether there are sufficient changed circumstances to warrant a change in child support is a finding of fact, and this finding will not be reversed unless it is clearly erroneous. *Schwarz v. Moody*, 55 Ark. App. 6, 928 S.W.2d 800 (1996). Appellant relied only on his incarceration as a change in circumstances. Appellant failed to produce evidence that he had no assets or other sources of income available for the payment of support. Similarly, appellant offered no testimony concerning his anticipated release from prison or what, if any, wages he might be eligible to earn during his incarceration. Appellant has thus not demonstrated that he was wholly without the ability to meet his obligation. Consequently, the chancellor's finding is not clearly

erroneous. We also note that a chancellor has the authority to require the person ordered to make child-support payments to furnish a bond or post security to guarantee compliance with the order. Ark. Code Ann. § 9-12-312(c)(1) & (2) (Supp. 1995).

Finding no error in the chancellor's decision, we affirm.

Affirmed.

BIRD and GRIFFEN, JJ., agree.