Clarence L. ALLEN, Sr. *v.* Bertha ALLEN

CA 02-591                                        110 S.W.3d 772

Court of Appeals of Arkansas
Division I
Opinion delivered April 30, 2003

*Ellen Lester Reif*, for appellant.

*Simmons S. Smith*, for appellee.

L̲ARRY D. VAUGHT, Judge. This is an appeal from a divorce decree ordering appellant to pay $25 a week in child support. Appellant contends that the trial court erred in ordering him to pay child support beginning November 2, 2001, due to his ongoing incarceration. He also argues reversal because there was no evidence that he had any income upon which to base the child-support order and because the order did not comply with Administrative Order No. 10. We affirm.

Appellant Clarence Allen, Sr., and appellee Bertha Allen were married on February 14, 1972. The parties separated on February 11, 1998. Three children were born during the marriage. Appellee filed a complaint for divorce on April 27, 2001, at which time appellant was incarcerated. After a hearing on October 31, 2001, the trial court granted appellee's complaint for divorce. A divorce decree was entered on December 7, 2001, which awarded custody of the parties' only minor child to appellee. The court ruled that appellee was entitled to the parties' mobile home, that appellant was entitled to visitation, and that appellant was to pay $25 per week in child support for the parties' minor child beginning on November 2, 2001. From that decision, comes this appeal.

A trial · court's ruling on child-support issues is reviewed *de novo* by this court, and the trial court's findings are not disturbed unless they are clearly erroneous. *Montgomery v. Bolton,* 349 Ark. 460, 79 S.W.3d 354 (2002). In reviewing a trial court's findings, we give due deference to the court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* As a rule, when the amount of child support is at issue, we will not reverse absent an abuse of discretion. *Id.* However, a trial judge's conclusion of law is given no deference on appeal. *Id.*

Appellant first contends that the trial court erred in awarding child support because he was incarcerated at the time of the divorce hearing. We disagree. In *Reid v. Reid,* 57 Ark. App. 289, 944 S.W.2d 559 (1997), this court held that a child-support obligation need not be suspended due to the payor's incarceration. There, the appellant argued that the trial court abused its discretion in refusing to completely abate his child-support obligation due to his imprisonment, which was a result of his being con-

victed of raping his daughter. We upheld the trial court's decision on the ground of unclean hands because the appellant's misconduct that led to his incarceration was perpetrated against a child for whom he owed a duty of support. However, we also stated that "equity will not come to the aid of one who of his or her own volition engages in criminal behavior and suffers the consequences which affect the ability to pay child support." *Id.* at 294, 944 S.W.2d at 562. Although *Reid* involved a modification of support, the reasoning is applicable to this case.

Appellant cites two cases from other jurisdictions, which he contends hold that a child-support obligation should not be imposed when the parent was incarcerated *prior* to the imposition of a permanent child-support order. *See Lewis v. Lewis,* 637 A.2d 70 (Dist. Col. App. 1994) (holding that the rule that a voluntary reduction of income does not affect obligation to pay child support did not apply because there was no indication that the husband shot his wife with the intention to be imprisoned and thereby reduce his child-support obligation); *Pierce v. Pierce,* 162 Mich. App. 367, 412 N.W.2d 291 (1987) (holding that an inmate is not liable for an arrearage that accrued during incarceration unless he became incarcerated in order to avoid the obligation or had other assets while in prison). While this exact issue has never been determined in Arkansas, Administrative Order No. 10 provides that income may be imputed to an unemployed payor of child support, and *Reid* upheld the trial court's refusal to totally abate child support due to the appellant's incarceration.

We must therefore examine the court's award of child support in this case in light of the applicable version of Administrative Order No. 10. *See In Re: Administrative Order No. 10: Arkansas Child Support Guidelines,* 331 Ark. Appx. 581 (1998). Appellant contends that there was no evidence that appellant had any income upon which to base the initial support order. Appellee's testimony merely indicated that appellant was incarcerated in a federal prison. Section III of Administrative Order No. 10 provides in part:

> d. *Imputed income*: If a payor is unemployed or working below full earning capacity, the court may consider the reasons therefore. If earnings are reduced as a matter of choice and not for reasonable cause, the court may attribute income to a payor up to

his or her earning capacity, including consideration of the payor's lifestyle. Income of at least minimum wage shall be attributed to a payor ordered to pay child support.

The supreme court in *Barnes v. Barnes*, 311 Ark. 287, 843 S.W.2d 835 (1992), upheld the chancellor's order directing the appellant to pay the minimum chart amount for retroactive child support where the trial judge recognized that there was no evidence of appellant's weekly take-home pay for the relevant time period. Finding no error or abuse of discretion, the supreme court stated that the "[c]hancellor simply set the support at the minimum level required of an unemployed person."

Similar to *Barnes*, here the trial court ordered appellant to pay the minimum chart amount of $25 per week where there was no evidence of appellant's income or even if he had any income. Following the reasoning of *Reid, supra,* appellant of his own volition engaged in criminal conduct and thus decreased his earnings by his own choice. We cannot say that the trial judge abused his discretion in ordering appellant to pay the minimum amount of support required of an unemployed person.

Appellant finally suggests that the trial court's order did not comply with Administrative Order No. 10 because there was no recitation of appellant's income, the amount of support required under the guidelines, and whether there was a deviation from the family-support chart. The applicable version of Admin. Order No. 10 does not require that the order recite appellant's income or the amount of support required under the guidelines. *See In Re: Administrative Order No. 10 — Arkansas Child Support Guidelines, supra.* In addition, this is not a deviation case. However, Arkansas Code Annotated section 9-12-312(a)(2) (Repl. 2002) provides:

> (2) In determining a reasonable amount of support, initially or upon review to be paid by the noncustodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart, shall the presumption be rebutted.

It has been held that a reference to the family-support chart is mandatory. *Black v. Black*, 306 Ark. 209, 812 S.W.2d 480 (1991); *McJunkins v. Lemons*, 52 Ark. App. 1, 913 S.W.2d 306 (1997); *Jones v. Jones*, 43 Ark. App. 7, 858 S.W.2d 130 (1993).

While the order did not specifically reference the family-support chart, we hold that the trial judge in his bench ruling referenced the chart by ordering appellant to pay the minimum amount. The court stated: "The Court will order and direct that child support be set at the minimum amount of $25 per week commencing this Friday, November the . . . 2nd and will continue each Friday hereafter until further order of this court." Clearly, the court's reference to the "minimum amount" was a reference to the minimum chart amount.

Affirmed.

GLADWIN and BIRD, JJ., agree.