SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-1069

| | |
|---|---|
| TIMOTHY W. BROWN<br>APPELLANT | **Opinion Delivered** September 10, 2014 |
| V. | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT<br>[NO. DR2010-582-1] |
| LOU ANN BROWN and STATE OF ARKANSAS OFFICE OF CHILD SUPPORT ENFORCEMENT<br>APPELLEES | HONORABLE SHAWN A. WOMACK, JUDGE<br>AFFIRMED AS MODIFIED |

## PHILLIP T. WHITEAKER, Judge

Timothy W. Brown filed this pro se appeal of a Boone County Circuit Court order reducing his child-support arrearages to a judgment. In essence, the issue before us is whether the circuit court erred in awarding a sum total of $13,139.40 in arrears from March 2009 through April 2013.

Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Hall v. Hall*, 2013 Ark. 330, 429 S.W.3d 219. In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* As a rule, when the amount of child support is at issue, we will not reverse the circuit court absent an abuse of discretion. *Id.* However, a circuit court's conclusion of law is given no deference on appeal. *Id.* Based on this standard, we affirm as modified.

This case originated as a divorce action filed in the Pulaski County Circuit Court in 2008. In March 2009, the court entered a temporary order directing Mr. Brown to pay child support in the amount of $102 a week based on an imputed net income of $500 a week.

In December 2010, the Pulaski County Circuit Court entered a final decree granting the Browns a divorce, but the court transferred all issues related to the minor child, including issues of support, to the circuit court of Boone County. This transfer was necessary because a dependency-neglect action involving the Browns' minor child had been initiated in Boone County during the pendency of the divorce proceedings.[1] Upon transfer, the issues of child support were then litigated in Boone County.

In May 2013, Mr. Brown filed a motion to modify child support. The Office of Child Support Enforcement (OCSE) responded and countered with a motion for judgment on arrears. In August 2013, the Boone County Circuit Court entered an order granting Mr. Brown's motion to modify his order of support and granting OCSE's motion for judgment on arrears. He appeals this order, challenging only the trial court's decision granting judgment on arrears. He argues two points for reversal. First, he argues that the March 2009 temporary order of support entered by the Pulaski County Circuit Court was extinguished by the initiation of the Boone County dependency-neglect action in October 2009 when the minor child was removed from the home. Second, he argues that the trial court erred in imputing an income to him over and above his actual income of $25 a week.

---

[1]The minor child was ultimately reunited with her mother. and the dependency-neglect action was closed.

SLIP OPINION

To address Mr. Brown's first argument, we must begin by determining the duration of the March 2009 temporary order of support. Our law is clear that an order of support issued by a court of competent jurisdiction remains in force until modified or set aside by a subsequent order or decree, or until it has been extinguished by operation of law under the limited circumstances set forth in Ark. Code Ann. § 9-14-237 (Repl. 2009).[2] Ark. Code Ann. § 9-14-234(a), (b) (Repl. 2009); Ark. Code Ann. § 9-12-314 (Repl. 2009). Because Mr. Brown does not contend that the temporary order automatically terminated under any of the circumstances set forth in section 9-14-237, our review is limited to a determination of whether the March 2009 order was terminated by a subsequent order of the court.

Mr. Brown contends that the Boone County Circuit Court erred in finding that the March 2009 temporary order of support issued in Pulaski County terminated upon transfer of the case to Boone County. We agree.[3] The December 2010 order at issue did not modify or set aside the March 2009 temporary order of support. Instead, it did nothing more than transfer the case to Boone County. Accordingly, the March 2009 order of support remained in effect until it was actually modified in August 2013.[4]

---

[2]That statute provides termination of child support by operation of law in limited circumstances to include the child reaching the age of majority, the child becoming emancipated or marrying, the child being adopted, the child dying, or the parents of the child remarrying.

[3]Mr. Brown's assertion that the temporary order of support expired upon the initiation of the dependency-neglect action is incorrect for the same reason.

[4]We note that the Boone County Circuit Court entered a temporary order of support in February 2012. However, that order did not modify or set aside the March 2009 order. It simply continued the payments previously ordered by the Pulaski County Circuit Court while discovery was ongoing.

The trial court's error in this regard, however, was harmless. While the court erroneously determined that the temporary order of support ended in December 2010 (thereby creating a nonexistent gap in support), the court set retroactive support during the gap period at an amount equal to the award in the temporary order. Thus, the court's calculation of arrearages is mathematically the same under either scenario.

As to Mr. Brown's argument that the trial court erred in imputing an income to him over and above his actual income of $25 a week, we find no error. Under these circumstances, the trial court was not permitted to reconsider the imputation of income. We note that the trial court granted Mr. Brown's motion to modify, and Mr. Brown does not challenge the modification.[5] Rather, he challenges only the trial court's failure to retroactively modify his support payments and the entry of the judgments on arrears. However, the law does not allow for retroactive modification under these circumstances. Because the Pulaski County Circuit Court did not reserve the issue of retroactive modification when it entered its March 2009 temporary order, such modification was unavailable to the Boone County Circuit Court in 2013. *See Hawkins v. Hawkins*, 2013 Ark. App. 330 (holding that retroactive modification of temporary orders of support available only when the issue has been reserved in the temporary order). As a result, the trial court was

---

[5]Mr. Brown argues for the first time in his reply brief that the trial court acknowledged an error in the imputation of income by virtue of its decision to reduce his child support prospectively and that by finding a material change in circumstances it committed clear error in failing to retroactively modify his support payments. This court will not address arguments raised for the first time in a reply brief because the appellee is not given a chance to rebut the argument. *Evangelical Lutheran Good Samaritan Soc'y v. Kolesar*, 2014 Ark. 279.

bound by the statutes, which only allow for retroactive modification back to the date of the filing of the motion for modification. *See* Ark. Code Ann. § 9-14-234(a), (b) (Repl. 2009); Ark. Code Ann. § 9-12-314 (Repl. 2009). That is precisely what the court did here. Because the trial court was unable to retroactively modify the child-support payments, the imputation issue was moot.

Because the trial court reached the right result, even if for the wrong reason, we affirm as modified. *See Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, 428 S.W.3d 437 (An appellate court may affirm an order of a circuit court if it reached the right result, even if it is for the wrong reason.).

GLADWIN, C.J., and PITTMAN, J., agree.

*Timothy W. Brown*, pro se appellant.

*Linda Lamb*, Office of Child Support Enforcement, for appellee.