

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–14–147

| | |
|---|---|
| GEORGE TAKU | **Opinion Delivered** November 5, 2014 |
| APPELLANT | |
| V. | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. DR-09-85] |
| MEGAN SUZANNE HAUSMAN | |
| APPELLEE | HONORABLE BRENT DAVIS, JUDGE |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

Appellant George Taku contends that the Craighead County Circuit Court erred in determining the proper amount of retroactive child support he was required to pay and in failing to admit additional evidence after a January 2013 hearing. We affirm the trial court's order.

*Background*

Taku and appellee Megan Hausman were never married, but they had two daughters, AHT, born June 16, 2006, and LHT, born December 18, 2008. In January 2009, Taku filed a petition to establish paternity and for visitation; Hausman counterclaimed for child support and lying-in expenses. In November 2009, the circuit court entered an order finding Taku to be the father of the children, granting Hausman custody with Taku receiving visitation, and ordering Taku to pay lying-in expenses of $2,890.47 and $1,500 in attorney fees to Hausman. Taku was ordered to pay $25 per week in child support in accordance with the Family Support

Chart, and the circuit court also granted judgment to Hausman for child-support arrearages in the amount of $4,250 dating back to AHT's birth.

The parties had a third child, son KHT, on April 16, 2011. In June 2012, Taku filed a petition to establish paternity, and for custody, visitation, and child support. Hausman counterclaimed for, among other things, child support retroactive to KHT's birth and an increase in child support due to KHT's birth and Taku's increased income.

At a July 31, 2012 hearing, the parties stipulated that Taku was KHT's father, that Hausman should have custody of KHT, and that Taku would have visitation. The parties also stipulated that the amount of Taku's child support would be based on a semi-monthly income of $1,739.22; that his child support for three children would be $469 semi-monthly; and that he was also to make semi-monthly payments of $93.80 on his child-support arrearage. Both Taku and Hausman told the trial court that they understood the terms of the agreement. In an order filed on September 20, 2012, the trial court established paternity of KHT, granted custody of KHT to Hausman, and set forth Taku's visitation. Additionally, the trial court found, with regard to child support,

> 10. Based upon Plaintiff's net take home pay of $1,739.22 semi-monthly, Plaintiff is hereby ordered to pay child support for the benefit of the minor children in the amount of $469.00 semi-monthly. This amount is in accordance with the Family Support Chart and said support shall be paid via wage withholding. In addition hereto, Plaintiff shall be ordered to pay twenty percent (20%) of each child support amount ($93.80) semi-monthly to be applied to the previously adjudged child support arrearage. As such, Plaintiff is ordered to pay a total of $562.80 semi-monthly in child support and child support arrearages.

The parties agreed that all issues and matters alleged and relief requested in Hausman's counterpetition for contempt and other relief were specifically reserved until further hearing by



the trial court.

A hearing was held on January 23, 2013, regarding the issues contained in Hausman's counterpetition. At that hearing, with regard to the issue of child support, the parties again stipulated that Taku had a semi-monthly take-home pay of $1,739.22 that translated into semi-monthly child-support payments of $469 for three children. In the trial court's ruling, it granted child support retroactively to KHT's birth in April 2011; Taku made no objection. The trial court found that all support payments already made by Taku would be credited to him and deducted from the amount of support due, and any arrearages would be added to the previous determined arrearages. The child-support payments already made by Taku were calculated using the payment history report from the Arkansas Child Support tracking system that Hausman introduced into evidence at the January 2013 hearing. Taku made no objection to this determination either.

An order reflecting the findings from the January 2013 hearing was not entered until September 17, 2013. In that order, the trial court found with regard to child support:

> 12. Plaintiff is hereby ordered to pay child support to the Defendant for the benefit of the minor children in the amount of $469.00 semi-monthly. This amount is commensurate with the Child Support Chart and plaintiff's net take home pay based upon three children. This amount shall be paid via wage withholding. In addition hereto, Plaintiff shall be ordered to pay twenty percent (20%) of each child support payment amount ($93.80) semi-monthly to be applied to the previously adjudged child support arrearage and the additional child support arrearage ordered herein. As such, Plaintiff is ordered to pay a total of $562.80 semi-monthly in child support and child-support arrearages.
>
> 13. The child support ordered herein in the amount of $469.00 semi-monthly is hereby ordered retroactive to April 6 [16], 2011.[1] The retroactive award results in an

---

[1]KHT's date of birth was April 16, 2011, not April 6, 2011.

additional judgment for child support arrearages calculated by subtracting the payments made ($10,243.74) from the increased child support between April 6 [16], 2011 and January 23, 2013 ($19,698.00) for a total arrearage judgment in the amount of ($9,454.26). The $9,454.26 will be combined with the previously ordered child support arrearage judgment of $4,250.00 on November 16, 2009. The twenty percent (20%) of each child support amount ($93.80) ordered semimonthly shall be applied to these judgments. By agreement of the parties, these child support judgment shall not accrue any interest from the inception until satisfaction.

On October 1, 2013, Taku filed a "Motion to Alter or Amend Final Order and to Amend Findings of Fact." A hearing on this motion was held on October 22, 2013, at which time Taku argued that the trial court had not credited him with all of the child-support payments he had made through January 23, 2013. Taku brought a second payment history report from the Arkansas Child Support tracking system indicating that he had made additional child-support payments to court, but he declined to request that the evidence be re-opened. He also argued that the amount of child-support arrearages was incorrect because he was not employed at the net take-home semi-monthly pay of $1,739.22 from the time KHT was born—he argued that he only began earning that amount in March 2012. However, he again declined to ask that the evidence be re-opened. The trial court denied Taku's motion, and this appeal ensued.

*Standard of Review*

Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Brown v. Brown*, 2014 Ark. App. 455, 440 S.W.3d 361. In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* As a rule, when the amount of

4

 

child support is at issue, we will not reverse the circuit court absent an abuse of discretion. *Id.*

*Arguments*

Taku first argues that the trial court's final order determining retroactive child support based on current earnings was clearly erroneous. He contends that the amount of child-support arrearages from KHT's birth is incorrect because he was not employed at that take-home pay amount from KHT's birth but rather he only began to earn that income in March 2012. However, Taku did not present this evidence at the January 2013 hearing; instead, he stipulated that the Family Support Chart indicated that he was to pay $469 semi-monthly for three children for the net take-home semi-monthly pay of $1,739.22. There was no discussion of when Taku began to earn that amount of income, and there was no objection when the trial court applied that amount of income to the support chart and ordered child support to be paid retroactively to KHT's birth. Furthermore, Taku refused on numerous occasions at his motion hearing to request that the evidence be re-opened. Therefore, the trial court was not clearly erroneous in relying on the parties' stipulation of Taku's income or applying that information retroactively to KHT's date of birth.

Taku's second argument is that the trial court erred in failing to admit additional evidence after the January 2013 hearing. Taku argues that the final order entered by the trial court does not speak the truth about the amount of child support he had paid through January 2013, as it did not include three payments. The only exhibit entered into evidence at the January 2013 hearing was Hausman's exhibit of payments made, which the trial court used to calculate the amount of support paid by Taku. Taku testified at the January 2013 hearing that he did not

dispute what had been introduced into evidence as the proof of his payments, which was Hausman's exhibit. Taku now argues that the trial court should have admitted his exhibit at the October 2013 hearing on his motion to allow the evidence to conform to the proof. However, Taku specifically stated on numerous occasions at the October 2013 hearing that he did not want to re-open the evidence; therefore, by his own action of not re-opening the evidence, he has not provided the court with any proof that he made additional payments. While trial courts have inherent power to enter orders to correct judgments and make them speak the truth, "[t]his power . . . is confined to correction of the record to the extent of making it conform to the action which was in reality taken at the time. It does not permit the change of a record to provide something that in retrospect should have been done but was not done." *McGibbony v. McGibbony*, 12 Ark. App. 141, 142–43, 671 S.W.2d 212, 213 (1984) (citing *Harrison v. Bradford*, 9 Ark. App. 156, 655 S.W.2d 466 (1983)). Here, Taku could have introduced evidence of additional payments at the January 2013 hearing, but he did not do so, and he specifically declined to request to re-open the evidence at the October 2013 hearing. It was not clearly erroneous for the trial court to refuse to credit Taku with additional payments, as no evidence of additional payments was properly presented to the trial court by Taku, although he had the opportunity to do so.

Affirmed.

VAUGHT and WOOD, JJ., agree.

*Sheila F. Campbell, P.A.*, by: *Sheila F. Campbell*, for appellant.

*Bristow & Richardson, P.L.L.C.*, by: *Benjamin W. Bristow*, for appellee.