

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-191

| | | |
|---|---|---|
| | | **Opinion Delivered** December 7, 2016 |
| JAMES JEZ | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60DR-14-3475] |
| V. | | |
| | | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| ANGEL JEZ | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant James "Jimmy" Jez appeals the Pulaski County Circuit Court's October 13, 2015 divorce decree. Jimmy argues that the circuit court erred in awarding appellee Angel Jez half of his one-third interest in the Jez Family Limited Partnership, in calculating child support, and in awarding Angel alimony. We affirm.

The parties were married on September 25, 1995, and they had a son, J.J., in 2000. The parties separated on July 19, 2014. On August 8, 2014, Angel filed a complaint for divorce, and on August 14, 2014, Jimmy filed an answer and a counterclaim for divorce.[1]

After multiple hearings, a divorce decree was entered by the circuit court on October 13, 2015. Relevant to this appeal, the decree granted Angel a divorce based on general indignities, awarded her custody of J.J., ordered Jimmy to pay child support of $316 biweekly,

---

[1]Jimmy's counterclaim was dismissed by an order entered on July 7, 2015.

ordered him to pay Angel $200 per month in alimony, and awarded Angel a one-half interest of Jimmy's interest in his family's partnership. Jimmy filed a notice of appeal from this order on October 20, 2015.[2]

Jimmy's first point on appeal is that the circuit court clearly erred in awarding Angel a one-half share of his interest in the Jez Family partnership. We review division-of-marital-property cases de novo, but the circuit court's findings of fact are affirmed unless they are clearly erroneous or against the preponderance of the evidence. *Sanders v. Passmore*, 2016 Ark. App. 370, at 7. A finding of fact is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been committed; in reviewing the circuit court's findings, the reviewing court gives due deference to the circuit court's superior position to determine the credibility of the witnesses and the weight to be accorded to each witness's testimony. *Id.*

Jimmy argues that the circuit court erred in finding that the partnership was marital property and dividing it equally. He contends that his testimony and that of his father reflect that his interest in the partnership was a gift; therefore, he claims it is his separate, nonmarital property and, pursuant to Arkansas Code Annotated section 9-12-315, should be returned to him.

Arkansas Code Annotated section 9-12-315 (Repl. 2015) governs the division of marital property. Section 9-12-315(a)(1)(A) provides that marital property is to be divided equally

---

[2]Thereafter, both parties filed motions for ruling, reconsideration, and relief. On November 19, 2015, the circuit court entered an order in response to the motions. Jimmy did not amend his notice of appeal following entry of the November 19, 2015 order, but none of his points on appeal challenge the new findings in that order.

SLIP OPINION

unless it would be inequitable to do so. If the property is divided unequally, then the court must give reasons for its division in the order. Ark. Code Ann. § 9-12-315(a)(1)(B). The code also provides a list of factors the court may consider when choosing unequal division. Ark. Code Ann. § 9-12-315(a)(1)(A)(i)–(ix). Section 9-12-315(b)(1) excludes from the definition of marital property "property acquired . . . by gift." Jimmy had the burden of proving that his partnership interest was his separate, nonmarital property. *Johnson v. Johnson*, 2011 Ark. App. 276, at 8, 378 S.W.3d 889, 895.

Here, the decree reflects that Jimmy's partnership interest was marital property (not a gift), which the court divided equally pursuant to section 9-12-315(a)(1)(A). This was not clearly erroneous. The partnership agreement reveals that it was created on May 22, 1996, during the parties' marriage. The agreement further reflects that during the marriage Jimmy contributed $11,132.21 as an initial contribution to the partnership in return for a 33% interest in the partnership. Thus, the evidence demonstrates that he used marital funds to invest in the partnership. Jimmy offered no evidence to the contrary. Finally, there was testimony that Angel and Jimmy paid taxes on the partnership during their marriage. We acknowledge the testimony of Jimmy and his father that Jimmy's interest in the partnership was a gift; however, in reviewing a circuit court's findings, we give due deference to the court's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Myrick v. Myrick*, 339 Ark. 1, 9, 2 S.W.3d 60, 65 (1999). Therefore, based on our de novo review, we hold that the court was not clearly erroneous in finding that Jimmy failed to meet his burden of proving that his interest in the family partnership was a gift. Accordingly, we

affirm the trial court's finding that the partnership was marital property and equally distributing it.

Jimmy also argues on appeal that the circuit court erred in calculating his income for child-support purposes. He claims that the evidence fails to support the finding that his monthly "take-home pay" is $2,692.31.

Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Taku v. Hausman*, 2014 Ark. App. 615, at 4. In reviewing a circuit court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.*

Here, the circuit court did not clearly err in awarding child support of $316 biweekly. While the decree stated that the child-support award was based on Jimmy's monthly "take-home" income of $2,692.31, the support award was actually calculated based on his net income of $2,113.50, which was the income figure the parties stipulated to at the onset of the final hearing. The parties not only stipulated to the $2,113.50 income figure, but they further stipulated that his child-support obligation, based on that income, was $316 biweekly. It was Jimmy's counsel who articulated the stipulation and made the calculations at the hearing. There was no evidence or argument on the matter of child support thereafter. Accordingly, we hold that the circuit court did not clearly err in relying on the parties' income and child-support stipulation and, accordingly, in finding that Jimmy was obligated to pay child support of $316 biweekly based on that income. *Taku*, 2014 Ark. App. 615, at 5. Accordingly, we affirm on this point.

Jimmy's final argument on appeal is that the circuit court abused its discretion in awarding Angel alimony of $200 per month. He argues that there is no economic imbalance in the earning power or standard of living to justify the award; Angel's financial condition is better than his when child support is deducted from his income and added to hers; and he has been ordered to pay a larger portion of the parties' substantial debt.

An award of alimony is a question that addresses itself to the sound discretion of the circuit court. *Kuchmas v. Kuchmas*, 368 Ark. 43, 45, 243 S.W.3d 270, 271 (2006). The supreme court has held that the circuit court can make an award of alimony that is reasonable under the circumstances. *Id.*, 243 S.W.3d at 271. The purpose of alimony is to rectify economic imbalances in earning power and standard of living in light of the particular facts in each case. *Id.*, 243 S.W.3d at 271. The primary factors that a court should consider in determining whether to award alimony are the financial need of one spouse and the other spouse's ability to pay. *Id.*, 243 S.W.3d at 271. The circuit court should also consider the following secondary factors: (1) the financial circumstances of both parties; (2) the amount and nature of the income, both current and anticipated, of both parties; (3) the extent and nature of the resources and assets of each of the parties; (4) the earning ability and capacity of both parties. *Id.* at 45–46, 243 S.W.3d at 271–72. The amount of alimony should not be reduced to a mathematical formula because the need for flexibility outweighs the need for relative certainty. *Id.* at 46, 243 S.W.3d at 272. An award of alimony will not be reversed unless there is an abuse of that discretion. *Jones v. Jones*, 2014 Ark. App. 614, at 3, 447 S.W.3d 599, 601.

The circuit court took into consideration many factors in reaching its conclusion to award alimony—Angel's need and Jimmy's ability to pay, the substantial debt owed by the

parties, the lack of assets of the parties, and their twenty-year marriage. The court considered the parties' work history and future earning capacity. Jimmy worked throughout the marriage and was currently working at a job where he could earn bonuses. Angel's work history was limited to thirteen years of the marriage. And while she was currently working, her hours had been reduced due to her medical condition, she had been demoted, and her pay had been reduced.

The appropriateness of an alimony award is determined in light of the facts in each case, and the circuit court is in the best position to view the needs of the parties in connection with an alimony award. *Bennett v. Bennett*, 2016 Ark. App. 308, at 14, 496 S.W.3d 409, 417. We hold that the circuit court in this case applied the correct legal standard, found facts that were supported by the evidence presented, and did not abuse its discretion in awarding alimony in the amount it did to Angel.[3] We affirm the alimony award.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Alexander Law Firm*, by: *Hubert W. Alexander*, for appellant.

*Hilburn, Calhoon, Harlper, Pruniski & Calhoun, Ltd.*, by: *Sam Hilburn* and *Erin W. Lewis*, for appellee.

---

[3]We reject Jimmy's argument that the circuit court awarded Angel alimony to punish him. There is no indication in the decree that the alimony award was an impermissible punishment of Jimmy for his adultery. In fact, the circuit court, in its decree, expressly stated that the fault of either party is not to be considered in the distribution of property and in setting alimony. In making the award of alimony, the circuit court considered both parties' testimony regarding their income, assets, work history, standard of living, living arrangements, transportation needs, and future ability to earn money. *Bennett*, 2016 Ark. App. 308, at 12–13, 496 S.W.3d at 417.