SLIP OPINION

Cite as 2017 Ark. App. 173

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–16–613

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** March 15, 2017 |
| LEE BAKER | | |
| | APPELLANT | APPEAL FROM THE PIKE COUNTY CIRCUIT COURT |
| V. | | [NO. 55DR-02-54] |
| | | |
| OFFICE OF CHILD SUPPORT ENFORCEMENT | | HONORABLE TOM COOPER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This appeal concerns a request to modify a child-support obligation. Appellant Lee Baker appeals the Pike County Circuit Court's order filed in May 2016 that denied his "Request for Review and Adjustment" of his child-support arrearages and current child-support obligation.[1] Appellant filed his motion in March 2016, contending that there had been a material change in circumstances that warranted a change or abatement of child support. Appellant asserted that he had been incarcerated since November 2013, that he had no means to pay child support, that one child had reached the age of majority and graduated from high school, and that a reduction of his past and future child-support obligations was appropriate. The trial court denied this motion, leading to the present appeal.[2] We affirm.

---

[1]Appellant also asked for appointment of counsel in a separate motion, which was denied in the May 2016 order, but this is not an issue on appeal.

[2]Appellant's notice of appeal, filed in May 2016, also purports to appeal an earlier order filed in December 2015 that denied appellant's August 2014 petition to hold child

SLIP OPINION

Our standard of review is de novo on the record, and we will not reverse unless the trial court's findings are clearly erroneous. *Hall v. Hall*, 2013 Ark. 330, 429 S.W.3d 219; *Brown v. Brown*, 2014 Ark. App. 455, 440 S.W.3d 361. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Hill v. Kelly*, 368 Ark. 200, 243 S.W.3d 886 (2006). As a rule, when the amount of child support is at issue, we will not reverse the circuit court absent an abuse of discretion. *Troutman v. Troutman*, 2016 Ark. App. 70, 482 S.W.3d 365. A change in circumstances must be shown before a court can modify an order regarding child support, and the party seeking modification has the burden of showing a change in circumstances. *Hunt v. Hunt*, 40 Ark. App. 166, 842 S.W.2d 470 (1992). A circuit court's determination as to whether there are sufficient changed circumstances to warrant a modification is a finding of fact, and we will not reverse this finding unless it is clearly erroneous. *Baber v. Baber*, 2011 Ark. 40, 378 S.W.3d 699.

We have guidance on our state's law when the request to abate child support is based on an obligor's incarceration. *See Reid v. Reid*, 57 Ark. App. 289, 944 S.W.2d 559 (1997). In *Reid*, the obligor parent contended that his child support should be abated during the

---

support in abeyance. The notice of appeal was untimely to appeal the December 2015 order; thus we have no appellate jurisdiction to consider the December 2015 order. Ark. R. App. P.–Civ. 4(a) (2015); *In re Estate of Stinnett*, 2011 Ark. 278, 383 S.W.3d 357.

Appellant filed a motion for reconsideration of the December 2015 order, which was denied in January 2016. Appellant did not designate the January 2016 order as an order on appeal, but even if appellant had designated that order in his notice of appeal, it would have been untimely, meaning that we would lack appellate jurisdiction to consider it.

SLIP OPINION

period of his incarceration, but the trial court denied the request. Our court recited the longstanding maxim that equity will not intervene on behalf of a party whose conduct in connection with the same matter has been unconscientious or unjust, otherwise known as the clean-hands doctrine. *Id*. (citing *Wilson v. Brown*, 320 Ark. 240, 897 S.W.2d 546 (1995); *Marshall v. Marshall*, 227 Ark. 582, 300 S.W.2d 933 (1957)). The purpose of invoking the clean-hands doctrine is to protect the interest of the public on grounds of public policy and to preserve the integrity of the court, and it is within the trial court's discretion to determine whether the interests of equity and justice require the application of the doctrine. *Id*. (citing *Grable v. Grable*, 307 Ark. 410, 821 S.W.2d 16 (1991)). Although unemployment or diminution of earnings is a common ground for modification, a petition for modification will be denied if the change in financial condition is due to the fault, voluntary wastage, or dissipation of one's talents or assets. *Id*. The *Reid* court reasoned that a child-support obligation should not be modified where the means with which to pay were reduced or eliminated by criminal activity, deciding that equity will not come to the aid of one who of his or her own volition engages in criminal behavior and suffers the consequences that affect the ability to pay child support. *Id*. Moreover, as between appellant and his children, the interest of the children must prevail. *Id*.; *Newton v. State Office of Child Support Enf't*, 2013 Ark. App. 53 (affirming where the trial court, citing *Reid*, denied Newton's petition seeking to abate his child support, finding that the incarceration was caused by his own fault and thus Newton came to court with unclean hands).

3

With these legal parameters, we examine the chronology of events and proceedings in the trial court. In August 2014, appellant filed a "Petition to Hold Support in Abeyance," asserting that he was taken into the Arkansas Department of Correction in July 2014, that he was unemployed, and that he was unable to pay child support. The Office of Child Support Enforcement (OCSE) objected to appellant's petition and raised the defense of unclean hands; OCSE also asserted that appellant had not established that he could not work under some type of work-release program. Appellant filed a response to OCSE in July 2015, asserting that he had been sentenced to six years in prison with two years suspended; that he was unable to work due to his sex-offender status; and that he should be afforded the relief he requested. After a brief hearing, the trial court entered an order in December 2015 denying appellant's petition. Appellant did not file a timely notice of appeal from this December 2015 order. In January 2016, appellant filed a motion to reconsider, which the trial court denied, also in January 2016. Appellant did not file a notice of appeal from the January 2016 order.

In March 2016, appellant filed a "Request for Review and Adjustment," asserting that there "has been a significant change since the last time my child support was established or reviewed." Appellant asserted that he had been incarcerated since November 2013 with no means to pay child support; that one child had turned eighteen and graduated from high school;[3] and that the trial court should conduct a review and "if appropriate make adjustments

---

[3]We note that according to Arkansas Code Annotated section 9-14-237(a)(1) (Repl. 2015), unless a court order for child support specifically extends child support after these circumstances, an obligor's duty to pay child support for a child shall automatically terminate

SLIP OPINION

to arrearages and monthly amount of support." OCSE filed a response in opposition to appellant's request, noting that the trial court had already denied his request in December 2015 and that no changed circumstances had occurred since that time. OCSE also reasserted the defense of unclean hands and the argument that appellant had not established his inability to work pursuant to a work-release-type program. The trial court entered an order on May 12, 2016, denying appellant's request. Appellant filed a timely notice of appeal from the May 2016 order.

In appellant's pro se appeal brief, he argues that he earlier provided proof that he was in prison and that he was ineligible for a work-release program. Appellant cites *Allen v. Allen*, 82 Ark. App. 42, 110 S.W.3d 772 (2003), for the proposition that, although incarceration does not abate an obligation to pay child support, it can support a modification down to the minimum amount of support required of an unemployed person ($25 per week). Appellant fails to demonstrate reversible error.

Here, the trial court had denied a request to reduce or abate child support in December 2015 based on the same evidence that appellant contended had manifested a change in circumstances in March 2016. Appellant did not timely appeal from the December 2015 order, which became a final order from which any change in circumstances would be

by operation of law when the child reaches eighteen years of age unless the child is still attending high school; or, if the child is still attending high school, upon the child's high school graduation or the end of the school year after the child reaches nineteen years of age, whichever is earlier.

5

SLIP OPINION

measured. Appellant cannot show clear error in the trial court's denial of the same request a mere three months later.[4] Moreover, while an inability to earn can support a trial court's finding to reduce child-support obligations, the trial court is not required to reduce those obligations particularly where the obligor is deemed at fault for causing his own inability to work. *See Reid, supra.*

Because appellant does not argue the issue of his child's turning the age of eighteen and graduating from high school in the argument section of his opening appellate brief, we do not address that issue here. Appellant mentions this particular argument in his reply brief, but we do not consider arguments raised for the first time in a reply brief. *Orintas v. Point Lookout Prop. Owners Ass'n Bd. of Dirs.*, 2015 Ark. App. 648, 476 S.W.3d 174. The reasoning behind this rule is that an appellee must not be deprived of an opportunity to respond to an appellant's arguments for reversal. *Abdin v. Abdin*, 94 Ark. App. 12, 223 S.W.3d 60 (2006).

For the foregoing reasons, we affirm.

Affirmed.

ABRAMSON and VAUGHT, JJ., agree.

*Lee Baker*, pro se appellant.

*Greg L. Mitchell*, for appellee.

---

[4] In the most recent petition, appellant asserted that he had been in jail since November 2013. In the earlier petition, appellant asserted that he had been in prison since July 2014. The exact dates of his imprisonment, however, are not material to this appeal.