PAUL E. DANIELSON, Justice. | Appellant Tammye Hall appeals from the circuit court’s order, which among other things, denied her motion to increase child support due from appellee Justin Hall.[1] While Justin had cross-appealed from the circuit court’s order, we dismissed his cross-appeal on Tammye’s motion, holding that Justin’s partial payment of the judgment against him constituted a voluntary acquiescence to the judgment. See Hall v. Hall, 2012 Ark. 429, 2012 WL 5583645. As her sole point on appeal, Tammye asserts that the circuit court erred in denying her motion to increase child support. We affirm the circuit court’s order. The parties were divorced on March 1, 2010, by way of a consent divorce decree that included a property-settlement agreement. Pursuant to that agreement, Justin was to pay Tammye $1485 per month based on his weekly net-take-home salary from Falcon Jet, his |2employer. In addition, Justin agreed to pay one-half of the private-school tuition for the couple’s two minor children, but not less than $715 per month. In exchange for the tuition arrangement, Tammye agreed not to consider Justin’s income from his personal business, Hall Engineering, in setting his child-support obligation. On May 24, 2011, Tammye filed a motion to increase child support, in which she asserted that there had been a material increase in Justin’s Hall Engineering income or alternatively that the original child-support award had been based on figures fraudulently provided by Justin. She further contended that since entry of the divorce decree, one of the couple’s children required extensive therapy sessions, enrollment into a different school, and extra parental attention due to a diagnosis of Asperger’s Syndrome. Justin responded that Tammye was exaggerating the child’s needs and disputed any increase in his income; therefore, he maintained, her motion should be denied. Following several hearings on the myriad motions filed by both Tammye and Justin, the circuit court entered its order disposing of the motions on October 18, 2011. In it, the circuit court noted Justin’s admission in open court that he “hid marital assets from [Tammye] and purposely misrepresented his true financial status from both [her] and the Court.” The court found that Justin had “willfully concealed marital funds from [Tammye] in order to decrease the amount of money to be divided” and that Justin’s actions were “egregious, calculated, and a direct affront” to the court and to Tammye. The court further observed that Justin had devised a plan to ensure that Tammye would not only be denied her legal right to her portion of the marital funds, but also that it would be practically impossible to discover |shis fraudulent concealment. The circuit court then outlined multiple bank accounts, which Justin had used to hide marital assets. Many of the accounts contained deposits from checks made payable to Justin or to Hall Engineering that Justin held for deposit until after December 21, 2009, the date the parties’ assets were to be divided. Ultimately, the circuit court awarded Tammye a total of $125,206.50, plus $37,500 in attorney’s fees and $5,985.34 in costs, plus interest at six percent. With regard to child support, the circuit court denied Tammye’s motion and found that, while it had been convincingly demonstrated to the court that Justin had concealed “at least $125,000.00 and possibly more, that is attributable as income to sources other than Falcon Jet,” Tammye was aware of the difficulty in determining Justin’s Hall Engineering income at the time of the divorce decree. The circuit court found that it was unable to determine if the amounts of money concealed by Justin were regular sources of income or one-time payments; it further noted that the funds were derived in at least 2009 and 2010. Although the circuit court denied Tammye’s motion, it observed that it would allow Tammye to pursue her claim at a later time upon the proper motion. Upon the filing of a motion for clarification and ruling by Tammye, the circuit court issued an order disposing of the motion, wherein it amended the judgment due Tammye to $124,698.50. Tammye filed timely notices of appeal from both orders and now brings the instant appeal. For her sole-point on appeal, Tammye argues that the circuit court erred in denying her motion to increase child support. She contends that, while the circuit court found itself 14unable to determine whether the amounts of money concealed were regular sources of income or one-time payments, such a distinction is irrelevant, as all sources of a payor’s income are to be included when determining the amount of child support to be paid. She asserts that she proved a material change in Justin’s income, and, therefore, the circuit court was required to modify child support based on that proof. The circuit court’s failure to do so, she maintains, constitutes error. Justin responds that there was no material change in circumstances warranting an increase in Tammye’s child-support award, because while hidden assets were discovered, ongoing income was not. For this reason, he concludes, the circuit court did not err. Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. See Ward v. Doss, 361 Ark. 153, 205 S.W.3d 767 (2005). In reviewing a circuit court’s findings, we give due deference to that court’s superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. See id. As a rule, when the amount of child support is at issue, we will not reverse the circuit court absent an abuse of discretion. See id. However, a circuit court’s conclusion of law is given no deference on appeal. See id. It is axiomatic that a change in circumstances must be shown before a court can modify an order for child support. See Hill v. Kelly, 368 Ark. 200, 243 S.W.3d 886 (2006). In addition, the party seeking modification has the burden of showing a change in circumstances. See id. In determining whether there has been a change in circumstances warranting ^adjustment in support, the court should consider remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child-support chart. See id. We .have made it clear that a finding that a material change in circumstances has occurred is subject to a clearly-erroneous standard of review. See id. In the instant case, the circuit court specifically stated that it “cannot determine if the amounts of money that [Justin] concealed from [Tammye] are regular sources of income or one time payments.” This was clearly a misstatement of the law, as this court has not previously drawn a distinction between ongoing income and one-time income. We have defined “income” as “any form of payment, periodic or otherwise, due to an individual, regardless of source, including wages, salaries, commissions, bonuses, workers’ compensation, disability, payments pursuant to a pension or retirement program, and interest less” certain enumerated deductions. Ark. Sup. Ct. Admin. Order No. 10(II)(a) (2011) (emphasis added). This definition is one that is “intentionally broad and designed to encompass the widest range of sources consistent with this State’s policy to interpret ‘income’ broadly for the benefit of the child.” Ford v. Ford, 347 Ark. 485, 495, 65 S.W.3d 432, 439 (2002). See also Ark. Sup. Ct. Admin. Order No. 10(II)(a)(4). To that end, this court has previously recognized nonperiodic monetary judgments, monetary gifts, certificates of deposit, retirement payments, as well as gambling winnings, as income for purposes of determining child support. See, e.g., Evans v. Tillery, 361 Ark. 63, 204 S.W.3d 547 (2005); Ford, supra; McWhorter v. McWhorter, 346 Ark. 475, 58 S.W.3d 840 (2001). That being said, it is clear to this court that the circuit court’s erroneous statement of the law was in no way the sole basis for the circuit court’s denial of Tam-mye’s motion. The circuit court also found that Tammye was aware of the difficulty in determining Justin’s Hall Engineering income at the time of the property-settlement agreement and further found that the discovered funds were derived in at least 2009 and 2010.[2] Because it was for all of these reasons that the circuit court denied any increase “in child support of income from sources other than Falcon Jet,” we cannot say, based on the record before us, that the circuit court’s denial of the motion was incorrect. Affirmed. CORBIN, BAKER, and GOODSON, JJ., dissent. . The circuit court’s order also addressed Tammye’s multiple motions for contempt and her motion for sanctions, as well as Justin's counterclaim and his countermotion to reduce child support and alimony or for joint custody. . Tammye challenges neither finding.