
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-167

| | |
|---|---|
| | **Opinion Delivered** February 18, 2015 |
| BRENDA A. BROWNING | |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23DR-07-38] |
| V. | |
| DAVID BROWNING | HONORABLE H.G. FOSTER, JUDGE |
| APPELLEE | |
| | AFFIRMED AS MODIFIED IN PART; REVERSED AND REMANDED IN PART |

## M. MICHAEL KINARD, Judge

Appellant Brenda Browning appeals from the trial court's order reducing appellee David Browning's child-support obligation and applying the reduction retroactively. Brenda argues that the trial court lacked jurisdiction or, alternatively, that it erroneously reduced child support and erroneously calculated a credit due David. We affirm as modified in part and reverse and remand in part.

On April 16, 2009, David filed a petition for reduction of child support contending that his earnings had decreased since the 2007 divorce decree ordering him to pay child support of $250 per week for the parties' two children. Several months later, Brenda filed a motion for contempt alleging that David was in arrears. A hearing was held on both motions on August 9, 2010, but David and his attorney failed to appear. The trial court entered an order that same date, holding David in contempt for being thirty-eight weeks in arrears. The

order stated that David's child support was set at $250 per week and that Brenda was given judgment for his present arrearage of $9500. Brenda was also awarded attorney's fees.

On September 10, 2010, David filed a motion to set aside the August 2010 order pursuant to Arkansas Rule of Civil Procedure 60, alleging that he had not received notice of the hearing. After a hearing on this motion, an order was entered on December 8, 2010, amending the August 2010 order. David's child-support obligation was reduced to $139 per week retroactive to his April 2009 petition, and his arrearage and attorney's fees were recalculated. Brenda appealed from the December 2010 order to this court, which held that the trial court lacked jurisdiction under Rule 60 to modify the August 2010 order more than ninety days after it had been entered. *Browning v. Browning*, 2011 Ark. App. 714. We held that the December 2010 order was void and reversed and remanded with instructions to reinstate the August 2010 order. *Id*.

Both parties filed briefs to the trial court on remand. David asked the court to exercise its continuing jurisdiction over child-support matters and to reach the same determination on his child-support obligation as was reached in the December 2010 order pursuant to his April 2009 petition for reduction. Brenda asserted in her brief that David's child-support obligation could only be modified if a new motion was filed. After the trial court reinstated the August 2010 order, both parties filed a joint motion for clarification asking whether the trial court retained jurisdiction to modify child support based on David's April 2009 petition. The trial court subsequently determined that it did retain jurisdiction to modify based on that petition. On May 2, 2013, David filed a "motion to ascertain current child support obligation and any

2



child support arrearage."

After a hearing in September 2013 in which the trial court found that a material change of circumstances had occurred, the court entered an order on October 23, 2013, calculating David's income and setting child support at $150 per week. The court applied the modification retroactively to the filing of the April 2009 petition. Based on the modification, the court determined that David had overpaid and granted him a credit toward future payments. Brenda now appeals from this order.

Brenda contends that the trial court lacked the authority to modify David's child-support obligation based on his April 2009 petition. She argues that the trial court's August 2010 order ruled on that petition and that child support was not subject to modification until a new motion was filed. David first claims that Brenda failed to preserve this argument for our review. We disagree. Brenda raised this argument below, and the trial court clearly ruled that it had the authority to modify David's child support based on his April 2009 petition.

In the alternative, David contends that Brenda's argument is without merit because the trial court's August 2010 order did not rule on his petition but merely recited the child-support figure previously set. He argues that his April 2009 petition was still outstanding. This issue was decided in our prior opinion in *Browning* when we concluded that the August 2010 order set child support at $250 per week. The law-of-the-case doctrine provides that on a second appeal the decision of the first appeal becomes the law of the case and is conclusive of every question of law or fact decided in the former appeal, and also of

those which might have been, but were not, presented. *Slaton v. Slaton*, 336 Ark. 211, 983 S.W.2d 951 (1999). We hold that the status of the April 2009 petition was resolved in the first appeal, and the trial court lacked authority to rule on it on remand.

While we agree with Brenda that modification of child support could not be based on David's April 2009 petition, we do not conclude that the trial court was wholly without authority to order a modification. Arkansas Code Annotated section 9-14-234 provides in pertinent part as follows:

> (b) Any decree, judgment, or order that contains a provision for the payment of money for the support and care of any child or children through the registry of the court or the Arkansas child support clearinghouse shall be final judgment subject to writ of garnishment or execution as to any installment or payment of money that has accrued until the time either party moves through proper motion filed with the court and served on the other party to set aside, alter, or modify the decree, judgment, or order.
>
> (c)(1) The court may not set aside, alter, or modify any decree, judgment, or order that has accrued unpaid support prior to the filing of the motion.

In *Martin v. Martin*, 79 Ark. App. 309, 87 S.W.3d 817 (2002), we interpreted these provisions to mean that an existing child-support order is a final order and is not subject to modification until a motion for modification is filed; if no motion is filed, the existing judgment remains intact until such time as a proper motion is filed. Although David's April 2009 petition had been disposed of, he had filed a new motion upon which modification of the August 2010 order could be based. David's May 2, 2013 "motion to ascertain current child support obligation and any child support arrearage" requested the trial court to calculate his current child-support obligation based upon his net income pursuant to Administrative Order No. 10 and to calculate any arrearage that existed. In *Shipp v. Shipp*, 94 Ark. App. 351,

4

230 S.W.3d 305 (2006), we held that a petition for change of custody that included a request that the trial court reassess the father's child-support obligation was a sufficient motion under section 9-14-234. David's motion to calculate his child-support obligation is likewise a sufficient basis for the trial court to modify a prior support order.

We now turn to Brenda's argument challenging the child-support amount after modification. At the conclusion of the September 2013 hearing, the trial court found that there was a change in circumstances in David's income such that he could no longer pay $250 per week in child support. The court modified his obligation to $150 per week based on his net income as determined from his 2012 tax return plus additional income imputed based on underemployment. Brenda argues that the 2012 tax return was unreliable and that the trial court erred in using it after questioning its reliability. She contends that there were issues regarding whether David's testimony and tax returns provided a clear picture of his income considering that his income on his tax returns was not sufficient to cover his bills. She requests that we remand for a determination of David's actual income using an alternative method. David notes that there was no rebuttal of his testimony regarding his income and the disability income received by his new wife and daughter that helped cover household expenses. He argues that the trial court credited his testimony and his tax returns and that such credibility determinations are for the trial court alone. We agree.

Our standard of review for an appeal from a child-support order is de novo on the record, and we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Hall v. Hall*, 2013 Ark. 330, 429 S.W.3d 219. In reviewing a circuit court's

SLIP OPINION

findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* As a rule, when the amount of child support is at issue, we will not reverse the circuit court absent an abuse of discretion. *Id.* However, a circuit court's conclusion of law is given no deference on appeal. *Id.*

In determining an appropriate amount of child support, courts are to refer to the family support chart contained in our Administrative Order Number 10, which provides a means of calculating child support based on the payor's net income. *Cowell v. Long*, 2013 Ark. App. 311. Pursuant to Administrative Order No. 10(III)(c), for self-employed payors, the circuit court should first consider the payor's tax returns. *See Tucker v. Office of Child Support Enforcement*, 368 Ark. 481, 247 S.W.3d 485 (2007). If the circuit court determines that the tax returns are unreliable, then it shall make specific findings explaining the basis of its determination and shall then proceed using the net-worth method. *Id.* Where the trial court relies on the tax record, there is no need for it to consider the net-worth approach. *See Cowell, supra.*

Brenda's argument that the court doubted the reliability of the tax return is not supported by the record. The court ultimately found that David's testimony and evidence were unrebutted and relied on his tax return in determining his income. Inconsistencies arising from a comparison of tax returns and witness testimony are matters for the circuit court to resolve. *Tucker, supra.* The trial court relied on the tax return, and we cannot say that the trial court was clearly erroneous. We affirm the reduction to $150 per week but modify its

retroactive application to May 2, 2013, instead of April 16, 2009.

Brenda's last point on appeal challenges the calculation of the credit due to David for overpayment of child support. The October 2013 order calculated that David had paid $41,175 in the time period between the filing of his April 16, 2009 petition and the September 23, 2013 hearing. The court applied the modification from $250 per week to $150 per week retroactive to the April 2009 petition and determined that David would have owed only $34,650 for that time period. The court found that he had overpaid in the amount of $6525 and awarded him a credit toward future child-support payments.

We do not address Brenda's arguments. Because the trial court lacked authority to modify child support based on the April 2009 petition, the amount of payments made and owed must be recalculated. The modification can be retroactive only to David's May 2, 2013 motion. *See* Ark. Code Ann. § 9-14-107(d). We reverse the credit and remand to the trial court with instructions to apply the modification as of that date and determine any arrearage or overpayment.

Affirmed as modified in part; reversed and remanded in part.

GRUBER and BROWN, JJ., agree.

*Osment & Winningham, PLLC*, by: *Joe Don Winningham*, for appellant.

*Debra J. Reece*, for appellee.

SLIP OPINION