Regarding postjudgment interest, the relevant statute, Arkansas Code Annotated section 16-65-114, states as follows:
(a)(1) Except as provided in subdivision (a)(2) of this section, interest on a judgment entered by a court shall bear interest:
(A) In an action on a contract at the rate provided by the contract or ten percent (10%) per annum, whichever is greater; and *555 (B) In any other action at ten percent (10%) per annum.
(2) Interest on a judgment shall not exceed the maximum rate permitted under Arkansas Constitution, Amendment 89.
(b) A judgment rendered or to be rendered against a county in the state on a county warrant or other evidence of county indebtedness shall not bear interest.
Here, we hold that the Trust is not entitled to prejudgment interest because the expenses were not reasonably ascertainable-it was unknown exactly what costs would be awarded, whether the court would exercise its discretion to award costs, and if it did award them, how much would it award. On the other hand, we reverse the circuit court's decision regarding postjudgment interest. Subsection 114 says that interest accrues on a "judgment" and Ark. Code Ann. § 16-65-103 provides, "In all judgments or decrees rendered by any court of justice for any debt, damages, or costs , and on all executions issued thereon, the amount shall be computed, as near as may be, in dollars and cents, rejecting smaller fractions." (Emphasis added.) Accordingly, the costs awarded should be treated as a judgment. Therefore, we hold that the Trust is entitled to postjudgment interest dating back to the October 8, 2017 order.
Affirmed on direct appeal; affirmed in part and reversed in part on cross-appeal.
Gruber, C.J., and Glover, J., agree.