PHILLIP T. WHITEAKER, Judge *161 The appellants, Jerita Wylie and Doug Bobo, and the appellee, Cheryl Shaw, are siblings. They serve as cotrustees of the GNB III Trust (the Trust), which was created by their parents, Guy M. and Nellie Bobo. When a disagreement between the cotrustees arose concerning trust administration, Wylie and Bobo requested that the probate division of the Hempstead County Circuit Court make a declaration that a majority of cotrustees could act on behalf of the Trust and approve the sale of certain trust property to Bobo. The circuit court denied their request, and Wylie and Bobo appeal. We reverse in part and affirm in part.
I. Facts and Procedural History
Wylie and Bobo, pursuant to Arkansas Code Annotated section 28-73-802 (Repl. 2012), petitioned the Hempstead County Circuit Court to approve Bobo's offer to purchase trust property. Shaw responded and filed a counterpetition claiming that Wylie and Bobo had committed serious breaches of trust and fiduciary duty and seeking their removal as cotrustees and coguardians. She requested that the court appoint an independent third party as trustee. Shaw also claimed that Bobo had entered into a pasture-lease agreement with the Trust; that the rental rate was far below the fair rental value for comparable property in the area; that Bobo had already taken possession of the premises and had cut and baled hay thereon; and that she was willing to pay more for the subject property and more for pasture rental but had not been given an opportunity to do so. Wylie and Bobo denied the counterpetition allegations.
Before any court action was taken on the petition or counterpetition, Wylie and *162 Bobo filed a motion for a temporary order requesting that the court find that a majority of the three cotrustees could act with all the authority and power granted to a trustee under the trust declarations. They asserted that such a finding was necessary because banks were refusing to allow them to conduct banking business without the unanimous consent of all the cotrustees. As a result, they were having to pay trust expenses directly out of their personal funds.
The court took no action on the request for a temporary order but did conduct a final hearing on the petition and counterpetition. After the hearing, the circuit court entered an order denying the petition to approve the sale and lease of trust lands to Bobo and provided that no further real estate transactions could occur without the unanimous agreement of the trustees or prior court approval. The order also denied Shaw's request to have a third party appointed as trustee.
Wylie and Bobo filed a motion for new trial pursuant to Arkansas Rule of Civil Procedure 59(a)(6). They asserted that a new trial should be granted on their petition for approval of the sale of real property because (1) the sale was fair, (2) it had been authorized by the majority of trustees, and (3) it was in the best interest of the Trust and its beneficiaries. Essentially, they argued that the circuit court's denial of their petition was contrary to the preponderance of the evidence. They also argued that they should be granted a new trial on their request for declaratory relief. They cited Arkansas Code Annotated section 28-73-703(a), which provides that "[c]otrustees who are unable to reach a unanimous decision may act by majority decision." They claimed that this statute clearly and unambiguously authorized a majority of trustees to make decisions on behalf of the Trust and that the circuit court erred in concluding that any sale of real estate must be by unanimous agreement of the trustees or by court approval. Shaw responded to the motion, denying that Bobo and Wylie were entitled to a new trial on the issues.
The circuit court did not rule on the motion within thirty days; therefore, it was deemed denied.[2] Wylie and Bobo appeal the denial of their motion for new trial, arguing that the Arkansas Trust Code provides that a majority of three cotrustees may make decisions when unanimity cannot be obtained and that the circuit court's failure to approve the sale of real property was not supported by substantial evidence.
II. Standard of Review
Wylie and Bobo raise two issues on appeal: (1) they challenge the circuit court's denial of their request for a declaration that only a majority of cotrustees need agree to any action taken on behalf of the Trust; and (2) they challenge the circuit court's denial of their request for a new trial on their petition to approve the sale of property.
The first issue on appeal involves a question of statutory construction: Does section 28-73-703(a) provide for majority rule in the event cotrustees cannot agree? We review issues of statutory construction de novo, as it is for the appellate courts to decide what a statute means. City of Bryant v. Boone Tr. , 2018 Ark. App. 547, 564 S.W.3d 550. We are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred, *163 its interpretation will be accepted as correct on appeal. Id.
As to the second issue on appeal, a motion for new trial is addressed to the sound discretion of the trial court. We will not reverse a trial court's refusal to grant a motion for new trial unless an abuse of discretion is shown. Sharp Cty. v. Ne. Ark. Planning & Consulting Co. , 269 Ark. 336, 602 S.W.2d 627 (1980). An abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. Ford Motor Co. v. Nuckolls , 320 Ark. 15, 894 S.W.2d 897 (1995) ; Nazarenko v. CTI Trucking Co. , 313 Ark. 570, 856 S.W.2d 869 (1993). When evaluating the denial of a motion for new trial under Rule 59(a)(6), we will affirm if the trial court's decision is supported by substantial evidence. Brantley v. Nw. Ark. Hosps., LLC , 2014 Ark. App. 275, 435 S.W.3d 1.
III. Analysis
A. Majority Rule Versus Unanimity
Wiley and Bobo first allege that the circuit court erred in its ruling on their request for declaratory action. They filed a motion seeking a court order. They alleged that the Trust was unable to engage in the simple and necessary activity of conducting banking activities because a unanimous decision of all three trustees was required by the banks. They asked the court to declare that they had the authority to act on behalf of the Trust, as a majority of the cotrustees pursuant to Arkansas Code Annotated section 28-73-703(a). After reviewing the statute, the court found that no real estate transactions could be made without a unanimous decision of the cotrustees or prior court approval. Wylie and Bobo then moved for a new trial again requesting a declaration that a majority of the cotrustees could act on behalf of the Trust. Again, the circuit court refused to make such a declaration. We conclude this was erroneous.
The law concerning cotrustees has evolved. Under common law, trustees of a private trust were required to act in unanimity, although trustees of a charitable trust could act by majority vote. Unif. Trust Code § 703 cmt. (citing Restatement (Second) of Trusts §§ 194, 383 (1959) ). Some forty years later, the Restatement (Third) of Trusts § 39 (Tentative Draft No. 2, approved 1999) rejected the common-law rule requiring unanimity for private trusts, instead favoring a majority rule consistent with that for charitable trusts. Id.
In 2005, Arkansas adopted a version of the Uniform Trust Code (UTC), retitled as the Arkansas Trust Code (ATC).[3] Arkansas Code Annotated section 28-73-703(a), which is taken verbatim from the UTC, provides: "Co-trustees who are unable to reach a unanimous decision may act by majority decision." This section allows cotrustees who are unable to achieve unanimity to act by majority rule and is a change from the common law. In other words, the current rule under the UTC (and by extension the ATC) is that if a trust is administered by three or more trustees and they disagree, the decision of the majority controls. See Restatement (Third) of Trusts § 39 cmt. a (2003).[4]
*164 Here, the circuit court denied Bobo's and Wiley's request for a declaration that the cotrustees of the Trust could act by majority rule when unanimity could not be accomplished. The court's decision is in direct contravention of the statute. As a result, the circuit court clearly abused its discretion in this regard, and we reverse on this point.
B. Approval of Sale of Real Property
Wylie and Bobo next challenge the circuit court's refusal to approve the sale of the property to Bobo, claiming that the circuit court's decision was not supported by substantial evidence. We disagree and affirm on this point.
Because Bobo's transactions involved a trustee purchasing trust property, a higher level of scrutiny is involved. Section 28-73-802(b)(2) provides that a sale, encumbrance, or other transaction involving the investment or management of trust property entered into by the trustee for the trustee's own personal account or which is otherwise affected by a conflict between the trustee's fiduciary and personal interests is voidable by a beneficiary affected by the transaction unless, among other things, the transaction is approved by the court. Thus, we conclude that Bobo's transactions required court approval and not just majority agreement.
*165 Wylie and Bobo point to the above evidence to support their claim of trial error. However, our standard of review requires affirmation if a trial court's denial of a motion for new trial is supported by substantial evidence. Depew v. Jackson , 330 Ark. 733, 957 S.W.2d 177 (1997). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other with reasonable certainty. Id. The evidence must force the mind to pass beyond suspicion or conjecture. Id. In examining whether substantial evidence exists, the verdict or decision is given "the benefit of all reasonable inferences permissible in accordance with the proof." See id. at 736, 957 S.W.2d at 178.
In addition to the evidence cited by Wylie and Bobo, the court also had additional evidence concerning the fairness of the transactions. Shaw presented evidence that as cotrustee, she was never invited to any of the meetings of the trustees where any action was taken regarding the sale or lease of any of the trust property. She disagreed that the purchase price of the property was the median price; instead, she contended it was the lowest appraised price. She testified that the proposed purchase price was not fair; it was $ 12,000 lower than a previous offer made by Bobo; and Bobo's $ 345,000 offer was inclusive of contents, which was not a part of the original appraisal.[7] Moreover, she noted that she was prepared to pay the price previously offered by Bobo. In summary, Shaw argued that any action or vote taken to sell the trust property to Bobo was self-serving and not in the best interest of the primary beneficiary.
We find no error in the court's denial of the motion for new trial. No one presented current evidence on the value of the house, and the evidence presented concerning the increased or decreased value was conflicting. The court was presented with evidence that both Bobo and Shaw were interested in purchasing the property and that Shaw was willing to pay more for the property than Bobo. There was evidence that the 2015 appraisals did not include contents, yet Bobo's offer was inclusive of contents. Lastly, the court was presented evidence that Wylie and Bobo were trying to exclude Shaw from trust transactions and had not discussed the sale with her before filing the petition. While Bobo and Wylie denied many of the allegations asserted by Shaw, it is the trial court's responsibility to determine the credibility of the witnesses and the evidence. See Marston v. Taylor , 2015 Ark. App. 176, 457 S.W.3d 688 (It is the role and duty of the trier of fact to determine the credibility of witnesses and the weight to be accorded to their testimony.). We give due deference to the circuit court's superior position in this regard. Browning v. Browning , 2015 Ark. App. 104, 455 S.W.3d 863. Because there were facts presented from which the circuit court could find that the transaction was not fair and that the sale should not be approved, we find no error on this point.
Reversed in part; affirmed in part.
A written order was filed on April 9, 2018, after the deemed-denial date. The written order also denied the motion for new trial.
The provisions of the ATC are applicable to this Trust. See Ark. Code Ann. § 28-73-1106(a)(1).
Although a trust instrument can require otherwise, the Trust has no such provision. Generally, a dissenting trustee is relieved from liability unless there is a serious breach. Lynn Foster, The Arkansas Trust Code: Good Law for Arkansas , 27 U. Ark. Little Rock L. Rev. 191, 242 (2005).
Due to his incapacity, Guy became a resident of the Arkansas Nursing and Rehabilitation Center in Texarkana and was not expected to return home.
More specifically, the court heard evidence of a large sum of money, $ 35,000, that was purportedly hidden within the home and had not been found or discovered and a corral and squeeze chute worth approximately $ 4,000.