Cite as 2021 Ark. App. 472

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-21-8

| | | |
|---|---|---|
| THOMPSON MANER | | **Opinion Delivered** December 1, 2021 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72DR-13-1985] |
| V. | | |
| KATHRYN MANER | APPELLEE | HONORABLE JOANNA TAYLOR, JUDGE |
| | | REVERSED AND REMANDED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Thompson Case Maner (Case) appeals the Washington County Circuit Court's dismissal of his motion to reduce child support upon a finding that there was not a material change in circumstances. Case argues that he proved a material change in circumstances, and it was erroneous for the circuit court to dismiss his motion. We agree, and we reverse and remand to the circuit court for further consideration.

Case and appellee Kathryn Maner (Katie) were divorced in December 2013. At that time, the parties entered into an agreement to share joint custody of their two minor sons; for Case to pay Katie $8809 a month in child support, with $8000 being paid directly to Katie and $809 being paid into a trust for the benefit of their sons; that if Case's child–support obligation was reduced in the future, the required payments to the trust would terminate, with all child support then being paid directly to Katie; and to divide the cost of the children's attendance at Montessori school and any agreed upon summer camps. Katie

carried the children on her health insurance, with the parties paying equal amounts for premiums and any medical expense not covered by insurance.

In May 2019, an agreed order was entered acknowledging there had been a material change in circumstances justifying modification of Case's child-support obligation. The order recited that Case's child-support obligation would be $8023 a month if Katie was the custodial parent, and Katie's child-support obligation would be $2075 a month if Case was the custodial parent; thus, Case's child-support obligation was reduced to $7000 a month. The parties also agreed to equally share the cost of airfare for the children to travel to tennis tournaments; tennis lessons, tournament fees, and memberships; School of Rock fees; school lunches; field-trip costs; and any other agreed upon extracurricular activities.

In January 2020, Case filed a motion to again decrease his child-support obligation, alleging there had been a material change of circumstances justifying a modification because he had experienced a reduction in his gross income of more than 20 percent or $100 a month. Katie filed a counterpetition asserting her income had also decreased in an amount sufficient to reduce her child-support obligation used as a setoff against Case's monthly support amount.

In an order filed October 1, 2020, the circuit court found that the parties equally divided health and dental insurance premiums, with each paying approximately $200 a month; that the total noncovered medical and dental expenses over the last fourteen months were $914, with each party equally responsible for one-half; and that the parties had equally divided extracurricular and cell-phone expenses of $22,872 over the last fourteen months, with each party paying an average of $817 a month. The circuit court noted there was a

2

rebuttable presumption that the amount of child support calculated pursuant to the most recent revision of the family-support chart and the guidelines was the amount to be awarded; that the child-support obligation for incomes over $30,000 a month was to be determined using the highest amount in the child-support guidelines; and that the court could also use its discretion in setting an amount above that to meet the needs of the children and the parents' ability to provide support. The circuit court further noted that it would be sufficient to rebut the presumption that the amount of child support set forth was the correct amount if the court provided specific written findings that the base amount was unjust or inappropriate, considering the deviation factors listed in the guidelines. The circuit court found that Case's gross income in 2018 was $749,814, or $62,484.50 a month, and that his 2019 gross income had decreased to $641,617, or $53,468.08 a month. The circuit court determined that Katie's 2018 income was $153,350, or $12,779 a month, and her 2019 income had decreased to $130,929, or $10,911 a month. The circuit court, noting that it used the maximum chart amount of $30,000 per month combined income, determined that the presumed child-support order, if Katie were the custodial parent, would be $2341 a month. The circuit court stated that it had considered all the factors, including the respective income of the parties, the amount of income available to support the minor children, and the lifestyles of the parents and children, and it found that the 15 percent reduction in each party's gross income between 2018 and 2019 was not a material change of circumstances sufficient to warrant a modification of the child-support obligation. The order did not state that the court had considered additional factors, such as the fact that the parties' combined gross incomes exceeded the maximum level of chart support; that Case had remarried and

3

has three children with his new wife whom he is also supporting; or the fact that his two older sons have 529 education trusts that contained $120,000 and $114,000 at the time of the hearing. The circuit court then dismissed both Case's and Katie's petitions for failure to meet the burden of proof.

Child-support cases are reviewed de novo on the record. *Troutman v. Troutman*, 2017 Ark. 139, 516 S.W.3d 733. A circuit court's finding of fact will not be reversed unless it is clearly erroneous. *Id*. Due deference is given to the circuit court's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony, but no deference is given to a circuit court's conclusion of law. *Id*.

A change in circumstances must be shown before there can be a modification of child support; the party seeking modification has the burden of showing a change of circumstances has occurred. *Hall v. Hall*, 2013 Ark. 330, 429 S.W.3d 219. A change in the payor's gross income in an amount equal to or more than 20 percent or more than $100 a month shall constitute a material change of circumstances sufficient to petition the court for modification of child support in accordance with the family-support chart after appropriate deductions. Ark. Code Ann. § 9-14-107(a)(1) (Repl. 2020).[1] In determining whether there has been a change in circumstances warranting a modification of support, the circuit court "should consider remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties,

---

[1]This statutory provision was amended in 2021 and removed the $100-per-month language, but the order in the present case was issued in 2020, prior to the amendment.

financial conditions of the parties and families, ability to meet current and future obligations, and the child-support chart." *Hall*, 2013 Ark. 330, at 5, 429 S.W.3d at 222.

The supreme court adopted and implemented the revised Administrative Order No. 10 in a per curiam issued on April 2, 2020. The revised guidelines are based on the Income Shares Model, which is based on the concept that parents pay the proportional share of their income that the children would have received if the parents were living together and shared financial resources. *In re Implementation of the Revised Admin. Order No. 10*, 2020 Ark. 131 (per curiam). The new guidelines must be used for all support orders entered after June 30, 2020. *Id*. Section (II)(1) of revised Admin. Order No. 10 provides that

> [p]ursuant to Act 904 of 2019, codified at Arkansas Code Annotated § 9-14-107(c)(2), "an inconsistency between the existing child-support award and the amount of child support that results from application of the Family Support Chart shall constitute a material change of circumstances sufficient to petition the court for modification of child support according to the Family Support Chart after appropriate deductions unless:
>
> . . . .
>
> The inconsistency is due to the fact that the amount of the current child support award resulted from a rebuttal of the guideline amount and there has not been a change of circumstances that resulted in the rebuttal of the guidelines amount . . . ."

Ark. Sup. Ct. Admin. Order No. 10(II)(1)(b) (2020) (reciting verbatim Ark. Code Ann. § 9-14-107(c)(2)).

Katie attempts to apply Arkansas Code Annotated section 9-14-107(c)(2)(B) to the present case, arguing that the child-support amount set in May 2019 included a deviation from the guideline amount and gave specific reasons for the deviation, and "the record in this matter is void of evidence even suggesting a change of the circumstances existing on May 31, 2019, that resulted in the rebuttal of the guideline amount." This argument fails

5

to acknowledge the substantial decrease in Case's monthly income, which constitutes a material change in circumstances pursuant to Arkansas Code Annotated section 9-14-107(a)(1). The circuit court's finding that Case's reduction in income was not a material change in circumstances is clearly erroneous; therefore, we reverse and remand this case to the circuit court.

Katie argues that the circuit court properly deviated from the presumptively correct amount found in the family-support chart. It shall be a rebuttable presumption that the amount contained in the family support chart and the guidelines is the correct amount of child support to be awarded. *Id.* at 3; Ark. Code Ann. § 9-12-312(a)(3)(C) (Repl. 2020). Deviations from the guidelines should be the exception instead of the rule; if the circuit court makes a deviation, it must make written findings and explain the reasons for the deviation. 2020 Ark. 131, at 5. The presumption that the amount of child support calculated pursuant to the worksheet and guidelines is correct may be sufficiently rebutted if the circuit court provides a specific written finding in the order that the worksheet amount is unjust or inappropriate. *Id.* Factors enumerated in Administrative Order No. 10(II)(2) to be considered when deciding whether to deviate include educational expenses for the children; procurement and/or maintenance of insurances and health insurance premiums for the benefit of the children; extraordinary travel expenses for court-ordered visitation; the children's significant available income; the creation or maintenance of a trust fund for the children; the support given by a parent for minor children in the absence of a court order; extraordinary time spent with the payor parent; additional expenses incurred because of natural or adopted children living in the home; work-related childcare, extraordinary

medical expenses, and health insurance premiums; and any other factors that warrant a deviation. *Id.* The order in this case contained no written findings as to why the deviation was warranted or why the chart amount was unjust or inappropriate.

Katie cites *Bishop v. Bishop*, 98 Ark. App. 111, 250 S.W.3d 570 (2007), for the proposition that the minimum requirement of a change of income set forth in § 9-14-107(a) simply entitles a party to file a petition with the court to request a modification of child support; it does not guarantee a modification. While that is true, as Case points out, *Bishop* supports his argument. In *Bishop*, the circuit court initially agreed to decrease child support due to a decrease in the payor's income, but it ultimately determined to leave the $1500-per-month child-support obligation and $3000-per-month alimony intact after considering the payee's health issues, the child's needs, the length of the marriage, and the payor's current and potential income.

Case contends that because the parties do not dispute the income amounts, this court should set the appropriate amount of child support. However, the circuit court has discretion to deviate from the presumptive amount of child support, provided it supports such a decision with proper written findings. Because the circuit court failed to do so, we remand this case for further findings.

Reversed and remanded.

ABRAMSON and WHITEAKER, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Brady & Platt, PLC*, by: *Kathryn E. Platt*, for appellee.